UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JENNIFER CAMPBELL,

       Defendant.

22-CR-82-LJV-JJM
DECISION & ORDER

---

On February 27, 2023, this Court sentenced the defendant, Jennifer Campbell, to a term of 36 months' imprisonment for wire fraud.  *See* Docket Item 29 at 1-2. Consistent with the Presentence Investigation Report, Docket Item 22, the Court calculated Campbell's United States Sentencing Guidelines ("USSG" or "Guidelines") range as being 41 to 51 months' imprisonment based on a total offense level of 22 and a criminal history category of I, *see* Docket Item 30 at 1.[1]

In May 2023, the United States Sentencing Commission submitted to Congress an amendment to the Guidelines regarding certain defendants' criminal history points. As relevant here, under USSG §4A1.1, the amendment reduced the offense level calculation for some defendants who have zero criminal history points, resulting in a lower Guidelines range.  On August 24, 2023, the Sentencing Commission voted to apply the amendment retroactively, and on November 1, 2023, the amendment took

---

[1] The parties' plea agreement had calculated a higher range of 51 to 63 months. *See* Docket Item 13 at ¶ 12.  Ultimately, however, the Probation Office and this Court both found that the upward adjustment under USSG §3A1.1(b)(1)—vulnerable victim—did not apply, making the range 41 to 51 months.  *See* Docket Item 22 at ¶ 53; Docket Item 30 at 1.

effect.  But the retroactive application of the amendment did not take effect until February 1, 2024.

On April 23, 2024, Campbell moved under 18 U.S.C. § 3582(c)(2) to reduce her sentence.  Docket Item 62.  In that motion, Campbell calculates her new Guidelines range as 33 to 41 months and asks the Court to "issue an [a]mended [j]udgment sentencing [her] to a period of incarceration consistent with the new sentencing range."  *Id.* at 1-2.

Approximately a week later, the United States Probation Office filed an Abbreviated Supplemental Presentence Report ("Supplemental PSR"), computing Campbell's Guidelines range under the November 2023 amendment as 33 to 41 months.  Docket Item 64 at 2.  The Supplemental PSR also notes that as of "April 29, 2024, [Campbell] will have served approximately 2 months and 3 days" and that "[s]he has not earned any good time credit thus far[] but is projected to earn 162 days."  *Id.*  It further states that Campbell's "projected release date (without regard to the current motion for a sentence reduction) is September 17, 2026."  *Id.*

Two weeks later, the government responded.  Docket Item 65.  The government acknowledges that Campbell "is eligible for a reduction" but argues that "she does not deserve any such reduction given the seriousness of her offense, the leniency she was already shown, and the fact that her sentence is already at the low end of her reduced sentencing [G]uidelines range."  *Id.* at 1.

The government also included a letter from the victims expressing their view of Campbell's motion "as further confirmation of her not [being] willing to accept responsibility."  *Id.* at 6.  The victims say that Campbell's actions have had a significant

2

impact on their lives.  *See id.* ("[O]ur firm [has] worked to overcome the $500,000 financial loss because of [Campbell's] criminal actions.  We were forced to close our investment firm and merge with a new organization, losing the very independence that we worked for 25+ years to achieve and maintain.").  And the victims further note their concern that Campbell "has not made any attempt at restitution" and that—as of the time of their letter—Campbell had "not served one day in prison."  *Id.*

The following month, Campbell replied.  Docket Item 67.  She notes that although "[t]he government opposes a reduction based on the seriousness of the offense and harm to the victims[,] . . . [t]he nature of the offense was known to the Court at the time of [her] original sentence and these facts have not changed."  *Id.* at 2.  "What has changed," Campbell says, "is the Sentencing Commission's view of how long a sentence should be for individuals like [her]."  *Id.*  Campbell adds that she "does not dispute the seriousness of her previous conduct, but her sentencing range under the amended [G]uidelines fully addresses this factor."  *Id.*

As Campbell observes, this "Court originally imposed a sentence below the low end of the applicable range based on [her] mental health issues and her significant remorse."  *Id.* at 3.  Thus, Campbell argues, "[i]f [she] were sentenced today, there is every reason to believe the Court would, at a minimum, impose the low end of the calculated range, now 33 months."  *Id*.

Both sides agree that Campbell's Guidelines range of imprisonment is now 33 to 41 months, and this Court concurs.  Moreover, the Court agrees with Campbell that had 33 to 41 months been the Guidelines range when she was sentenced, this Court likely would have sentenced her to the low end of that range.  Indeed, at the time of

sentencing this Court considered the Guidelines and found, based on the section 3553(a) factors, that a sentence *below* the Guidelines range was appropriate.² The Court sees no reason why it now should find that a sentence closer to the middle of the range is appropriate.

That being said, this Court understands and shares the victims' concern about Campbell's having delayed the start of her sentence. But Campbell now is in custody and—even with the reduction—will serve more than two years in federal prison, which will have a significant impact on her life. What is more, the victims express concern about restitution, but Campbell will not be able to start earning money toward that restitution until she is out of custody. So balancing the new Guidelines range, the need for a significant term of incarceration, and the interest of starting restitution payments sooner than later, the Court finds that the modest sentence reduction contemplated by the Guidelines amendment is appropriate.

Accordingly, this Court hereby GRANTS Campbell's motion, Docket Item 62, and ORDERS that her sentence be reduced to 33 months' imprisonment. The Court will issue an amended judgment.

---

² The government argues that this Court's having shown "leniency" to Campbell at sentencing weighs against her receiving a sentence reduction under the retroactive Guidelines. *See* Docket Item 65 at 1. But that makes little sense. This is not like a violation of supervised release where the Court should consider a higher sentence if the defendant received a below-Guidelines sentence on the underlying offense. *See* USSG §7B1.4 comment. (n.4). Here, the appropriate inquiry is what would the Court have done at sentencing had the new Guidelines then been in place. And the fact that this Court showed Campbell leniency cuts in favor of a sentence at the low end of the Guidelines.

SO ORDERED.

Dated:   December 13, 2024
            Buffalo, New York

                                                             ***/s/ Lawrence J. Vilardo***
                                                             LAWRENCE J. VILARDO
                                                             UNITED STATES DISTRICT JUDGE